892 F.2d 1041
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
J.L.S. COAL CORPORATION, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM, UNITED
STATES DEPARTMENT OF LABOR; Marion Bowens, Respondents.
 No. 89-2037.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 5, 1989.
Decided: Nov. 29, 1989.
 
 John P. Scherer, File, Payne, Scherer & Brown, on brief, for petitioner.
 S. Raymond Smith, United Mine Workers of America; James B. Leonard, Associate Regional Solicitor, U.S. Department of Labor, on brief, for respondents.
 Before PHILLIPS, Circuit Judge, HAYNSWORTH, Senior Circuit Judge,* and RICHARD L. WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 J.L.S. Coal Corporation ("the employer") appeals a Benefits Review Board ("the Board") decision affirming an Administrative Law Judge's ("ALJ") award of federal black lung benefits to Marion Bowens. Finding the ALJ's decision to be supported by substantial evidence and in accordance with the law, we affirm.
 
 
 2
 The ALJ, in his order dated March 8, 1987, found that Mr. Bowens was entitled to the interim presumption of total disability due to pneumoconiosis under 20 C.F.R. § 727.203(a)(1), which provides:
 
 
 3
 A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis ... if ... [a] chest roentgenogram (x-ray) ... establishes the existence of pneumoconiosis....
 
 
 4
 Petitioner does not dispute this finding. The issue, thus, on appeal is petitioner's challenge to the ALJ's finding that the employer failed to rebut this presumption in accordance with 20 C.F.R. § 727.203(b). Under that section, rebuttal is permitted if:
 
 
 5
 (1) The evidence establishes that the individual is, in fact, doing his usual coal mine work or comparable and gainful work ...; or
 
 
 6
 (2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work ...; or
 
 
 7
 (3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment; or
 
 
 8
 (4) The evidence establishes that the miner does not, or did not, have pneumoconiosis.
 
 
 9
 Petitioner bases its rebuttal on sections (b)(2) and (3). We agree with the ALJ's finding that Mr. Bowens' alleged driving of a truck on one occasion is insufficient evidence of his ability to do comparable or gainful work. Likewise, we find that, despite some evidence that Mr. Bowens' pulmonary problems were contributed to by a long history of cigarette consumption, petitioner failed to establish that the disability of Mr. Bowens did not arise in whole or in part out of coal mine employment.
 
 
 10
 The ALJ's findings were supported by substantial evidence and his conclusions were rational and in accordance with the applicable law. We therefore conclude that the Board's review and ultimate rejection of the employer's argument that it presented sufficient evidence to rebut the interim presumption was sound. Accordingly, the decision of the Benefits Review Board is affirmed.
 
 
 11
 We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court, and oral argument would not significantly aid the decisional process.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Judge Haynsworth participated in the decision of this case but died before the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C. § 46(d)